UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN HENRY SPARROW, III          ]
    Petitioner,               ]
                                 ]
v.                               ]          No. 3:05-0803
                                 ]          Judge Trauger
CHERRY LINDAMOOD, WARDEN[1]      ]
    Respondent.               ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

On March 28, 2000, a jury in Dickson County found the petitioner guilty of attempted especially aggravated kidnapping. Docket Entry No. 15; Vol. No. 1; Addendum No. 1 at pg. 15. For this crime, he received a sentence of twelve (12) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 15; Vol. No. 2; Addendum No. 7. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 15; Vol. No. 2; Addendum No. 9.

A petition for state post-conviction relief was then filed in the Circuit Court of Dickson

---

[1] "If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a), Rules - - - § 2254 Cases. Thus, even though the petition designates the State of Tennessee as respondent, Cherry Lindamood, the Warden at the South Central Correctional Center, is the proper respondent to the petition.

1

County. Docket Entry No. 15; Vol. No. 2; Addendum No. 10 at pg 1. Following an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. Docket Entry No. 15; Vol. No. 2; Addendum No. 10 at pg. 17. On appeal, the Tennessee Court of Criminal Appeals affirmed the lower court's ruling. Docket Entry No. 15; Vol. No. 3; Addendum No. 14. Once again, the Tennessee Supreme Court rejected petitioner's application for further review. Docket Entry No. 15; Vol. No. 3; Addendum No. 16.

On October 11, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition sets forth three claims for relief. These claims include:

> (1) the petitioner was denied the effective assistance of counsel because his attorneys
>     (a) failed to interview witnesses prior to trial;
>     (b) failed to properly prepare a defense; and
>     (c) failed to "preserve and present important
>        appellate issues"[2];
>
> (2) the evidence was insufficient to support his conviction; and
>
> (3) the trial judge committed error when he failed to instruct the jury on the lesser included offense of attempted false imprisonment[3].

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

---

[2] At trial, the petitioner was represented by Dale and Kenneth Quillen, members of the Davidson County Bar.

[3] Ineffective assistance of counsel is the only claim listed in the petition. The remaining claims, however, are set forth with very little specificity in a Memorandum (Docket Entry No. 2) filed in support of the petition.

2

Presently pending before the Court are the petition, respondent's Answer (Docket Entry No. 14) to the petition and the petitioner's Response to the Answer (Docket Entry No. 16). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Porter v. Estelle, 709 F.2d 944, 957 (5th Cir. 1983), cert. denied sub nom, Porter v. McKaskle, 466 U.S. 984, 104 S.Ct. 2367, 80 L.Ed.2d 838 (1984).

The petitioner alleges that the trial judge erred when he failed to instruct the jury on the lesser included offense of attempted false imprisonment (Claim No. 3). But a criminal defendant has no federally protected right to an instruction on lesser included offenses in a non-capital case. Bagby v. Sowders, 894 F.2d 792 (6th Cir. 1990). Moreover, this claim was raised in the state courts and here as nothing more than a misapplication of state rather than federal law. *See* Docket Entry No. 15; Vol. No. 2; Addendum No. 5 at pgs. 9-11. There are no factual allegations suggesting that the failure to so instruct the jury deprived the petitioner of a fundamentally fair

3

trial. Consequently, this claim will not support an award of federal habeas corpus relief.

The petitioner's remaining claims (Claim Nos. 1 and 2) were fully litigated in the state courts on either direct appeal or post-conviction and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The right to due process guaranteed by the Fifth and Fourteenth Amendments to the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the 'evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view

the evidence in a light most favorable to the prosecution. Id, 99 S.Ct. at 2789.

At trial, the evidence showed that Kaitlyn Christian and her cousin, Josie Shepherd, were visiting with their grandmother at her apartment in Dickson County.[4] While the pair was playing outside, a strange man came up and told them about a game called "snakes" that involved going into the woods. The girls became frightened and ran back towards their grandmother's apartment. Kaitlyn testified that the man followed and said that he was "going to get them". As they ran up the stairs outside the apartment, the man tried to grab Josie's foot.

The girls rushed into the apartment and slammed the door behind them. Their grandmother said that they looked frightened, upset and confused. When they told her about the man, the grandmother contacted the police. From descriptions of the stranger given by Kaitlyn and some neighbors, the police stopped and questioned the petitioner. He admitted to being at the apartment complex and speaking with Kaitlyn and Josie about a game called "snakes". The petitioner further admitted to "swiping" at one of the girls but denied any wrongdoing.

Credibility issues, the weight and value to be given to evidence are questions of fact to be determined by the jury. In this case, there was evidence that the petitioner approached the children, attempted lure them into the woods around the apartment and, when they became frightened and attempted to leave, the petitioner followed them and attempted to grab one of the girls. The jury clearly chose to believe the prosecution's theory about what happened between the petitioner and the children. Nevertheless, the petitioner argues that the evidence was insufficient because it was circumstantial. Circumstantial evidence alone, however, may be

---

[4] At the time of these events, Kaitlyn was eight years old while Josie was almost four years old.

5

sufficient to support a criminal conviction. York v. Tate, 858 F.2d 322 (6th Cir. 1988). Therefore, the findings of the state courts on this issue are neither contrary to nor an unreasonable application of federal law.

The petitioner also claims that he was denied the effective assistance of counsel. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In considering petitioner's ineffective assistance claim, the state courts correctly recognized Strickland as the applicable standard of review. Docket Entry No. 15; Vol. No. 3; Addendum No. 14 at pgs. 7-11. Applying Strickland, the state appellate court found that counsel had, in some instances, been deficient in their representation. That court, however, further found that the petitioner had failed to show how counsels' errors prejudiced the defense to the extent that the criminal proceeding was unfair and the result of the trial unreliable. Having considered the record, this Court agrees that the petitioner has failed to satisfy both prongs of the Strickland analysis. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state

6

courts runs contrary to federal law. Therefore, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim has no merit.

In the absence of an actionable claim, the Court finds that the petitioner's application for habeas corpus relief should be denied. Accordingly, this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

7